**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 6, 2010**                                                                  **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Odes Ho Kim** | § | Case No. 07-36293-hdh |
| | § | Chapter No.: 7 |
| Debtor. | § | |
| | § | |
| **ODES HO KIM** | § | |
| | § | |
| Plaintiff | § | Adversary No. 08-03440 |
| | § | |
| - and - | § | |
| | § | |
| **DOME ENTERTAINMENT CENTER, INC.** | § | |
| | § | |
| Intervenor, | § | |
| | § | |
| v. | § | |
| | § | |
| **CHONG ANN KIM** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF
LAW IN SUPPORT OF FINAL DECLARATORY JUDGMENT**

On this day, the Court held a hearing on the Complaint in Intervention, as amended, filed by Intervenor-Plaintiff Dome Entertainment Center, Inc. ("**Dome**") and Original Complaint for Declaratory Judgment filed by Odes Ho Kim ("**Debtor**"), as well as the responsive pleadings filed by Dome, the Debtor and Chong Ann. Kim ("**Mrs. Kim**"). The parties, by and through their respective counsel, have agreed (partially in form and partially in form and substance) to the entry of a Final Judgment which is supported by the findings of fact and conclusions of law herein. Accordingly, the Court hereby finds and concludes as follows:

1. The Debtor is an individual residing at 2013 Cottonwood Valley Circle, Irving, Texas 75038 (the "**Property**").

2. The Defendant, Mrs. Kim, is the Debtor's spouse, and resided at the Property on the Petition Date (defined herein).

3. The Debtor and Dome brought this declaratory judgment action pursuant to 28 U.S.C. § 2201 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

4. The Debtor and Mrs. Kim obtained equitable title to the Property no earlier than August 31, 2004. The Debtor obtained legal title to the Property no earlier than September 2, 2004. The Debtor held legal and equitable title to the Property continuously from the dates referenced in the preceding two (2) sentences through the Petition Date.

5. The Debtor's estate was created by Dome's filing of an involuntary petition on December 21, 2007 (the "**Petition Date**"). Dome is a creditor of the Debtor, with over a $5 million dollar claim in the Debtor's bankruptcy case pursuant to a final judgment against the Debtor. Following a trial on the involuntary petition, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code on April 22, 2008. The Debtor subsequently converted the case to a Chapter 11, and now operates as debtor-in-possession.

6. Immediately prior to the Petition Date, the Property constituted (a) the separate property of the Debtor, (b) the Debtor's sole management community property, or (c) the joint management community property of the Debtor and Mrs. Kim.

7. Accordingly, the Property, in its entirety, became property of the Debtor's estate pursuant to 11 U.S.C. 541(a) on the Petition Date.

8. The Debtor listed the value of the Property on his schedules at $1,127,880.00. The Debtor claimed a homestead exemption under Texas law, pursuant to section 522(b)(3)(A) of the Bankruptcy Code, for the Property.

9. Dome objected to the Debtor's claim that the Property was fully exempt, and asserted that the exemption should be limited to an interest not to exceed $136,875.00, pursuant to section 522(p) of the Bankruptcy Code, which limits a debtor's homestead exemption if the interest in the property was acquired within the 1215-day period preceding the date of the filing

of the petition. The Debtor challenged the applicability of section 522(p) to the involuntary petition filed in the bankruptcy case and the constitutionality of using an involuntary petition to circumvent the homestead protections provided in the Texas Constitution, and stripping the Debtor's spouse of her homestead protections without initiating an adversary proceeding. The Court sustained Dome's objection to the Debtor's claim of any exemption in the property above the $136,875.00 threshold, but specifically did not address Mrs. Kim's claims as part of its order, leaving that determination to this proceeding. The Debtor instituted this adversary proceeding on October 20, 2008 by filing Plaintiff's Original Complaint for Declaratory Judgment to determine the extent of the interest of the Debtor's bankruptcy estate in and to the Property pursuant to 11 U.S.C. § 541, and "to determine what rights, claims, charges, encumbrances and the like that the Defendant has to the Property by virtue of her claim of homestead to the Property under Texas law, including the Texas Constitution and the Texas Property Code." Dome intervened into this adversary proceeding by agreement of the parties, and both Dome and Defendant filed summary judgment motions to determine: (1) whether Mrs. Kim retains an exempt homestead interest in the Property; (2) if she does retain an exempt homestead interest, whether that interest precludes a trustee or debtor-in-possession from forcing a sale of the Property; and (3) if Mrs. Kim retains an exempt homestead interest but that interest does not preclude sale of the Property, whether Mrs. Kim is entitled to remuneration from the bankruptcy estate, and, if so, in what amount.

10. The Court hereby adopts and incorporates by reference the Court's Memorandum Opinion and Order dated May 19, 2009 and entered on May 22, 2009 (the "MSJ Ruling"), granting Dome partial summary judgment.

11. The remaining issue to be resolved by this Court – whether the Property constitutes, in part, Mrs. Kim's sole managed community property or her separate property, has been resolved by the parties' stipulation. Accordingly, Mrs. Kim had and has no separate property interest in the Property or any portion of it, and that the Property does not constitute, in whole or in part, her sole managed community property. Furthermore, Mrs. Kim does not have a tenancy-in-common property interest or a tenancy by the entireties property interest in all or any part of the Property.

12. Nothing herein shall constitute any consent to the Bankruptcy Court's MSJ Ruling or any waiver of any parties' rights to appeal the MSJ Ruling.

AGREED AS TO FORM AND CONTENT

**HOWARD MARC SPECTOR, P.C.**

By:    /s/ Howard Marc Spector
      Howard Marc Spector
      TBA#00785023
      Nathan M. Johnson
      TBA#00787779
12770 Coit Road, Suite 100
Dallas, Texas 75251
Telephone: (214) 365-5377
Fax: (214) 237-3380

**ATTORNEYS FOR DOME ENTERTAINMEMT CENTER, INC.**

AGREED AS TO FORM AS TO ALL PARAGRAPHS AND AS TO CONTENT AS TO PARAGRAPHS 1, 2, 3, 4, 5, 6, 7, 8, 9, 11 and 12 ONLY

**PRONSKE & PATEL, P.C.**

By:    /s/Gerrit M. Pronske
      Gerrit M. Pronske
      State Bar No. 16351640
      Rakhee V. Patel
      State Bar No. 00797213
      Christina W. Stephenson
      State Bar No. 24049535
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: (214) 658-6506

**ATTORNEYS FOR ODES HO KIM**

**ANDREWS KURTH LLP**

By:    /s/ Monica S. Blacker
      Monica S. Blacker
      State Bar No. 00796534
      Charles L. Perry
      State Bar No. 15799900
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

**ATTORNEYS FOR CHONG ANN KIM**

                      # # # End of Order # # #